MONROE, Judge,
dissenting.
I believe that the trial court’s judgment in this case is unsupported by the evidence, and is, therefore, plainly and palpably wrong.
I am disturbed that the trial court disregarded the recommendation of the guardian ad litem. The guardian ad litem is appointed to represent the interests of the child, not one parent or the other, or a state agency. See § 12-15-8, Ala.Code 1975. In this case, the guardian testified that he felt “very strongly” that “a termination is very much in the best interest of the minor child.” The guardian also testified that even though the father was aware of this action and that he had talked with the father’s mother, telling her he would appreciate anything from the father that would support his position, he did not receive any correspondence or telephone calls from the father or any information from the paternal grandmother.
The trial court wrote of the father’s “interest in vigorously contesting the termination of his parental rights.” From the guardian ad litem’s testimony that the father apparently made no attempt to talk with him or support his position, it does not appear to me that the father was very “vigorous” in contesting the action.
In addition, the trial court’s order states that the father is a young man who may get out of prison in less than four years. Whether the father will in fact be released from prison in less than four years, and whether he will be rehabilitated when he gets out, are matters of speculation. The facts before the trial court are that the father has an lengthy arrest record and that he has been in prison for most of his son’s life. He also apparently has a history of drug and alcohol abuse.
The guardian ad litem’s recommendation, while advisory, should weigh heavily in the trial court’s decision. In this ease, the guardian ad litem’s recommendation, together with evidence regarding the father’s criminal behavior, substance abuse, and lack of support for his son, lead me to believe that the father’s parental rights should be terminated.
I believe that the evidence does not support the trial court’s judgment, that the judgment is plainly and palpably wrong, and I would reverse the judgment. Therefore, I must respectfully dissent.